UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER PIERRE SWOOPE,

Plaintiff,

v.

SUSAN L. HUBBARD et al.,

Defendants.

Case No. 26-10616
Honorable Laurie J. Michelson

**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY [26] AND MOTION TO AMEND/CORRECT ORDER DISMISSING CASE [27]**

Christopher Pierre Swoope filed this *pro se* lawsuit against numerous defendants after his previous malpractice lawsuit against his former attorney, Alexandria J. Taylor, and her law firm, Taylor Law Firm, PLLC, did not end favorably for him in state court. (ECF No. 1.) This case only ever proceeded against Taylor and her law firm because the Court dismissed the Wayne County Clerk's Office as an improper defendant (ECF No. 21) and Wayne County and Judge Susan L. Hubbard for Swoope's failure to serve them (ECF No. 22). And as to Taylor and her law firm, the Court found that Swoope failed to state a claim (ECF No. 13) and thus directed him "to show cause as to why they should not be dismissed" from the case. (ECF No. 22, PageID.171.) That deadline came and went, including the time provided for mailing, Fed. R. Civ. P. 6(d), with no response from Swoope. So the Court dismissed

Taylor and her law firm from the case. (ECF No. 23.) And because they were the only remaining servable Defendants,[1] the Court directed the Clerk to close the case. (*Id.*)

Exactly one month later, Swoope filed a notice of appeal (ECF No. 24), a motion to disqualify (ECF No. 26), and a motion to amend/correct order dismissing the case (ECF No. 27). The Sixth Circuit Court of Appeals docketed a letter informing Swoope that his appeal "will be held in abeyance until after the district court rules on pending motions." (ECF No. 28.) The Court does so now.

## I.

At the outset, Swoope's motion to disqualify is procedurally deficient because this case is closed. (ECF No. 23.) But the Court will address the merits in case it gets revived. Swoope maintains that the Court's "repeated failure to adjudicate [his] pleaded joint-action theory" "combined with the handling of default, service, amendment, and show-cause proceedings, demonstrates judicial partiality and has denied [him] meaningful consideration of the claims [he] placed before this Court." (ECF No. 26, PageID.177.) But the Court *has* adjudicated these matters. (ECF Nos. 13, 15–16, 21–23.) And Swoope's disagreement with the Court's decisions does not warrant disqualification. *See LeVay v. Morken*, 590 F. Supp. 3d 1037, 1045 (E.D. Mich. 2022) (explaining that a "[p]laintiff's disagreement with a court's judicial rulings does not constitute grounds for recusal") (collecting cases). Indeed, "the law is clear that 'judicial rulings alone almost never constitute a valid basis for a bias or

---

[1] Swoope also named "Unknown Clerks 1–10" and "Unknown Chambers Staff 1–10" as Defendants. (ECF No. 1, PageID.2–3.)

partiality motion.'" *Kennedy v. Jackson-Davis*, No. 24-11290, 2026 WL 446976, at *4 (E.D. Mich. Feb. 17, 2026) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see also Berryman v. Artis*, No. 25-1090, 2025 U.S. App. LEXIS 25005 at *8 (6th Cir. Sept. 25, 2025) ("adverse judicial rulings 'are proper grounds for appeal, not recusal'"). Thus, Swoope's motion to disqualify (ECF No. 26) is DENIED.

## II.

The Court turns to Swoope's motion to amend/correct order dismissing case, which he brings under Federal Rules of Civil Procedure 59(e) and 60(b)(1). (ECF No. 27, PageID.185.) The Court addresses each ground in turn.

Under Rule 59(e), courts may, in the time "immediately following entry of judgment," correct their own errors by altering or amending the judgment. Fed. R. Civ. P. 59(e). *See Knopp v. Nat'l Ry. Adjustment Bd.*, No. 23-3865, 2024 WL 3458747, at *2 (6th Cir. July 18, 2024) (citation omitted). A district court "has considerable discretion in deciding whether to grant [a Rule 59(e)] motion." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *see also Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) ("The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court."). Courts in this Circuit have explained, however, that "[r]elief under this rule 'is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.'" *See Maxwell v. Shoop*, No. 21-318, 2025 WL 2243997, at *1 (N.D. Ohio Aug. 6, 2025) (quoting *U.S. ex rel. Am. Textile Mfrs. Inst. Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)); *Rainworks Ltd. v. Mill-Rose Co.*,

No. 06-1549, 2009 WL 2382974, at *1 (N.D. Ohio July 30, 2009) ("though frequently brought, [Rule 59(e) motions] are granted only in rare and unusual circumstances") (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

In his motion, Swoope repeats his view that the complaint establishes a joint-action theory sufficient to state a Section 1983 claim against Taylor and her law firm. (ECF No. 27, PageID.185 ("The dispositive issue is an error of law . . . [Swoope's] pleading asserted joint action between private counsel and state officials, yet the denial of default judgment applied the general private-attorney rule without giving the pleaded joint-action theory its proper analysis.").) But the Court already analyzed and rejected this very argument. (ECF No. 15, PageID.142–143 (order denying Swoope's motion for reconsideration where he "contends the Court 'applied only the generalized rule that attorneys are not state actors merely because they are officers of the court while omitting analysis of the expressly pleaded joint-participation exception.' . . . The Court disagrees.") (citing ECF No. 14).) Thus, this motion is procedurally improper. *See Sexual Sin De Un Abdul Blue v. City of River Rouge*, No. 16-10526, 2017 WL 4276966, at *2 (E.D. Mich. Sept. 27, 2017) (explaining that "motions to amend a judgment" "are not intended as a vehicle to re-litigate past issues or offer the same previously presented arguments"); *see also Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003) ("[A] motion to reconsider [under Fed. R. Civ. P. 59(e)] should not be used to re-litigate issues previously considered."); *Powers v. Sec'y of the HHS*, No. 16-13668, 2020 WL 6156439, at *1 (E.D. Mich. Oct. 21, 2020) ("while Rule 59(e) allows for reconsideration; it does not permit

parties to effectively re-argue a case") (quoting *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)) (internal quotation marks omitted).

Swoope fares no better under Rule 60(b)(1). Under that Rule, the Court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) "'is intended to provide relief in only two situations: (1) when a party has made an excusable mistake . . . , or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Vargo v. D & M Tours, Inc.*, 841 F. App'x 794, 799 (6th Cir. 2020) (citation omitted). The Court did not make a "substantive mistake of law or fact" when it concluded that Swoope failed to plausibly plead a Section 1983 claim against Taylor or her law firm, nor has Swoope offered any "excusable mistake" warranting relief under Rule 60(b)(1).

Thus, Swoope's motion to amend/correct (ECF No. 27) is DENIED.

**III.**

For the reasons provided above, Swoope's motion to disqualify (ECF No. 26) and motion to amend/correct (ECF No. 27) are DENIED.

IT IS SO ORDERED.

Dated: October 28, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE